# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 10-00996 VAP (OPx)                              Date:  July 29, 2010

Title:   MORGAN GILLETTE, AN INDIVIDUAL -v- 10 TANKER AIR CARRIER, LLC, DOES 1 THROUGH 10, INCLUSIVE
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   ORDER TO SHOW CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION  (IN CHAMBERS)

   Plaintiff Morgan Gillette ("Plaintiff") filed a complaint ("Complaint") on July 7, 2010 against Defendant 10 Tanker Air Carrier, LLC ("Defendant").  Plaintiff alleges two claims in the Complaint: (1) wrongful termination in violation of public policy, and (2) defamation per se.

   "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  The court is required to raise and address jurisdictional issues <u>sua sponte</u>, whether or not a party questions the court's subject matter jurisdiction.  See <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 230-31 (1990).

**EDCV 10-00996 VAP (OPx)**
**MORGAN GILLETTE v. 10 TANKER AIR CARRIER, LLC**
**MINUTE ORDER of July 29, 2010**

Plaintiff cites 42 U.S.C. § 1981 as the basis for the Court's subject matter jurisdiction over his claims, but does not specify how Defendant's alleged actions constitute a violation of § 1981.  (Compl. ¶ 1.)  He also mentions Federal Aviation Regulations ("F.A.R.") and the Code of Federal Regulations ("C.F.R."), but does not allege a specific violation of those regulations or other federal laws.  (Compl. ¶¶ 3, 21.)  Instead, Plaintiff alleges only California causes of action.  Accordingly, Plaintiff has not demonstrated the Court's federal question jurisdiction.

Finding the Complaint fails to reveal a basis for the Court's jurisdiction, the Court orders Plaintiff to show cause why the Complaint should not be dismissed for lack of jurisdiction.  Plaintiff shall respond in writing no later than August 13, 2010.  Failure to respond timely shall result in dismissal of the Complaint.

**IT IS SO ORDERED.**